UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:15-CR-054 JD |
| | ) | |
| COREY BONDS | ) | |

## **OPINION AND ORDER**

Defendant Corey Bonds was convicted on one count of brandishing a firearm in furtherance of a crime of violence—Hobbs Act robbery—in violation of 18 U.S.C. § 924(c), and he was sentenced to the mandatory minimum statutory penalty of 7 years of imprisonment. Judgment was entered on January 29, 2016, and Mr. Bonds did not appeal. On June 29, 2016, Mr. Bonds filed a motion under 28 U.S.C. § 2255. In support, he argued that his conviction was unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that his attorney was ineffective for failing to advise him of the Supreme Court's holding in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). The Court dismissed that motion, as Hobbs Act robbery remains a crime of violence even after *Johnson* and Mr. Bonds procedurally defaulted on that claim by not raising it on a direct appeal, and *Carachuri-Rosendo* had no possible application to Mr. Bonds' case.

Mr. Bonds filed a notice of appeal of that order, and has also moved for leave to proceed *in forma pauperis* on appeal. [DE 57]. Mr. Bonds is financially eligible to proceed *in forma pauperis*, and though the Court did not find that his claim was meritorious, it does not believe that his appeal is taken in bad faith. Therefore, the Court GRANTS Mr. Bonds' motion for leave to proceed *in forma pauperis* on appeal.

In addition, after filing his notice of appeal, Mr. Bonds filed a motion under Rule 60(b), asking the Court to reconsider its dismissal of his motion under § 2255. Mr. Bonds argues that,

even though the only ground of ineffective assistance of counsel that he raised in his initial motion was his counsel's failure to advise him about *Carachuri-Rosendo*, there are other grounds for a claim of ineffective assistance of counsel that he had not raised, and the Court should have independently considered those grounds before dismissing his motion. In particular, he argues that his counsel was ineffective for failing to object to a defective indictment, for permitting him to plead guilty when the elements of his offense had not all been established, and for failing to advise him of the mandatory minimum penalties.

First, this Court lacks jurisdiction to grant Mr. Bonds' Rule 60(b) motion, as Mr. Bonds has already filed a notice of appeal, which transfers jurisdiction to the court of appeals. Under those circumstances, the Court may either "defer considering the motion," "deny the motion," or, if applicable, "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The Court denies Mr. Bonds' motion, as that would be the appropriate outcome even if this Court did have jurisdiction over the motion. Mr. Bonds argues that the Court erred by not considering grounds for relief that he had not even raised in his motion, as a motion under § 2255 should be dismissed where "the motion, any attached exhibits, *and the record of prior proceedings*" demonstrate that the movant is not entitled to relief. Rules Governing Section 2255 Proceedings for the United States District Courts, R. 4(b) (emphasis added). Mr. Bonds argues that because the new grounds he now raises were present in the record, the Court should have independently considered them before dismissing his motion. However, Rule 4(b) does not require the Court to evaluate arguments or claims the defendant has not even raised. Though pro se litigants are entitled to have their filings be construed liberally, *Estelle v. Gamble*, 429 U.S. 97, 107 (1976), they are not

entitled to have courts raise independent grounds for relief on their behalf. Therefore, Mr. Bonds' Rule 60(b) motion [DE 55] is DENIED.

Finally, the Court does not reach the remaining arguments on the merits that Mr. Bonds wishes to add to his initial petition, as those additional arguments attacking the validity of his underlying conviction would constitute a second motion under § 2255, which this Court lacks jurisdiction to entertain. As discussed above, judgment has already been entered dismissing Mr. Bonds' motion under § 2255. In addition, though motions to amend a § 2255 filing can be filed after a judgment but within the time for filing a notice of appeal, the present motion was filed over 60 days after entry of judgment, so it cannot fit that exception. Specifically, judgment was entered on July 19, 2016, and Mr. Bonds' motion certifies that it was mailed on September 21, 2016—64 days later. Accordingly, Mr. Bonds' present motion must be considered a second motion under § 2255. However, a defendant must first receive permission from the court of appeals before filing such a motion. 28 U.S.C. § 2255(h). Until that happens, this Court lacks jurisdiction to consider any additional claims under § 2255. *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013).

The Seventh Circuit addressed the same situation in *Phillips v. United States*, 668 F.3d 433 (7th Cir. 2012). There, a defendant filed a motion under § 2255, the district court dismissed the motion, and the defendant filed a notice of appeal. While the appeal was pending, and after the time to appeal had expired, the defendant also filed a Rule 60(b) motion in the district court in which he supplemented the claim in his initial motion. The Seventh Circuit held that because judgment had already been entered on the initial motion under § 2255 and the time to appeal had expired, the Rule 60(b) motion constituted an unauthorized second motion under § 2255 and should have been dismissed for lack of jurisdiction. 668 F.3d at 435–36. That same sequence of

events occurred here, so the Court lacks jurisdiction to consider, and thus does not reach, the additional arguments Mr. Bonds raises in support of his claim for ineffective assistance of counsel.

SO ORDERED.

ENTERED: November 28, 2016

                                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court