UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:15-CR-54-JD-CAN |
| ) | |
| COREY BONDS ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Corey Bonds' request for compassionate release. DE 92. The Defendant requests early release due to his chronic kidney disease. The Government does not oppose the Defendant's request for early release. For the reasons stated below, the Defendant's request is GRANTED.

## I. BACKGROUND

On July 2, 2015, the Defendant entered a tavern while wearing an orange ski mask. *See* Presentence Investigation Report (PSR) ¶ 6, DE 30. The Defendant robbed the tavern at gunpoint. *Id.* However, after a physical confrontation, the Defendant was apprehended by the bartender and a customer. *Id.* Thereafter, the police arrested the Defendant and discovered that the firearm was unloaded and appeared to be inoperable. *Id.* ¶ 7.

On September 29, 2015, the Defendant pleaded guilty to brandishing a firearm during a crime of violence. DE 23; 18 U.S.C. § 924(c). On January 28, 2016, the Court sentenced the Defendant to 84 months of imprisonment, which was the mandatory minimum, followed by 3 years of supervised release. DE 42. The Defendant is currently housed at FCI Fort Dix in New Jersey. *See* INMATE LOCATOR, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Sept. 1, 2020). The Defendant is currently 37 years old, and his projected release date is June 18, 2021. *Id.*

On June 1, 2020, the Defendant filed a *pro se* request for compassionate release. DE 87. The Court referred the matter to the Federal Community Defenders. DE 88. On June 9, 2020, Scott J. Frankel entered his notice of appearance. DE 89.

On July 13, 2020, the Defendant filed the instant request for compassionate release. DE 92. The Defendant argues he should be released because he suffers from stage 2 kidney disease, which the Centers for Disease Control has recognized as an increased risk factor for developing serious complications from COVID-19. *Id.* at 4-5. Further, the Defendant states that COVID-19 has entered his prison and that social distancing is difficult to maintain. *Id.* at 5. The Defendant proposes that he be released to live at his mother's home in Michigan City, Indiana. *Id.* This home is a ranch style home with two bedrooms and one bathroom. *Id.* at 6. The Defendant also seeks early release so that he can assist his family with elder care and child rearing responsibilities. *Id.* at 5. The Defendant indicates that he will have employment at his family's business. *Id.* The Defendant further argues that a sentencing reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 20.

On August 25, 2020, the Government filed a response. DE 99. The Government concedes that the Defendant's motion should be granted. *Id.* at 1. The Government notes that the Defendant "has established that he has a 'chronic kidney disease', i.e. stage 2 kidney disease. Bonds has therefore established that he has an 'extraordinary and compelling reason' for early release." *Id.* at 5. Regarding the factors set forth in 18 U.S.C. § 3553(a), the Government notes that "[t]he nature and circumstances of the offense are indeed serious, but the firearm with which Mr. Bonds attempted to rob the [tavern] wasn't loaded. This implies that Mr. Bonds didn't have the intent to hurt anyone." *Id.* at 6 (parenthetical omitted). Further, the Government concedes that "[t]he history and characteristics of Mr. Bonds are likewise not particularly aggravating. His

2

criminal history category was only a II and he had no violent offenses prior to the underlying robbery." *Id.* Regarding the need to protect the public, the Government believes that "[t]he offense here was not characteristic of Mr. Bonds and he seems to have a substantial plan in place if he is released. The plan includes the opportunity to work and the need to care for his daughter and elderly mother. He therefore does not pose a high risk of reoffending." *Id.* at 7. Finally, the Government states that a sentence reduction is proper because the Defendant has served a significant portion of his sentence. *Id.* Thus, the Government "does not oppose Bonds' motion for a sentence reduction." *Id.*

## II.  ANALYSIS

The Defendant's request for compassionate release is granted. In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020).

"In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic." *United States v. Stewart*, No. 3:13-CR-126, 2020 WL 3428033, at *2 (N.D. Ind. June 23, 2020); *see also United States v. Root*, No. 1:11-CR-69, 2020 WL 4783635, at *2 (N.D. Ind. Aug. 18, 2020). "To the

3

extent that they are applicable, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)." *Stewart*, 2020 WL 3428033, at *2.

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction. *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *2 (C.D. Ill. May 12, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020)). "Whether to grant relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is left to the sound discretion of the district court." *Stewart*, 2020 WL 3428033, at *2.

In this case, the Defendant indicates that his prison is suffering from COVID-19 and that it is difficult to contain the virus. DE 92, p. 5. The Defendant has also proposed a release plan that should mitigate the spread of COVID-19. *Id.* at 5-6. Furthermore, the Defendant suffers from stage 2 kidney disease, and the Centers for Disease Control has concluded that people with chronic kidney disease "are at increased risk of severe illness from COVID-19."[1] *Id.* at 4-5.

Critically, the Government concedes that "Bonds has established that he has a 'chronic kidney disease', i.e. stage 2 kidney disease. Bonds has therefore established that he has an 'extraordinary and compelling reason' for early release." DE 99, p. 5. Based upon the procedural posture of this case, the Court finds that the Defendant has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See United States v. Hayden*, No. 1:07-CR-68, 2020 WL 4218503, at *2-3 (N.D. Ind. July 23, 2020) (granting an unopposed request for compassionate release by a defendant suffering from chronic kidney disease); *United States v.*

---

[1] PEOPLE WITH CERTAIN MEDICAL CONDITIONS, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 1, 2020).

*Berry*, No. 09-CR-90, 2020 WL 4001932, at *2-3 (E.D. Wis. July 15, 2020) (granting an unopposed request for compassionate release by a prisoner who suffered from chronic kidney disease); *see also United States v. Harris*, No. 06-cr-30058, 2020 WL 3483559, at *3-4 (C.D. Ill. June 26, 2020).

The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). In relevant part, 18 U.S.C. § 3553(a) requires a sentencing court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for a sentence to reflect the seriousness of the offense, the need to provide adequate deterrence, the need to protect the public from further crimes of the defendant, and to provide the defendant with needed educational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)-(2). Certainly, the Defendant's conduct leading up to his arrest was serious and endangered the lives of several people. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). However, the Government concedes that "the firearm with which Mr. Bonds attempted to rob the [tavern] wasn't loaded. This implies that Mr. Bonds didn't have the intent to hurt anyone. The history and characteristics of Mr. Bonds are likewise not particularly aggravating. His criminal history category was only a II and he had no violent offenses prior to the underlying robbery." DE 99, p. 6 (parenthetical omitted). The Government also concedes that "[t]he offense here was not characteristic of Mr. Bonds and he seems to have a substantial plan in place if he is released. The plan includes the opportunity to work and the need to care for his daughter and elderly mother. He therefore does not pose a high risk of reoffending." *Id.* at 7. Finally, the Government states that a sentence reduction is proper because the Defendant has served a significant portion of his

5

sentence. *Id.* Based upon the procedural posture of this case and the record as a whole, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) do not prevent a sentence reduction.[2]

### III.  CONCLUSION

For the reasons stated above, the Defendant's request for compassionate release [DE 92] is GRANTED. The Defendant's Motion for Expedited Compassionate Release [DE 87] is DENIED as moot. The Defendant's sentence, except for any applicable quarantine required by the Bureau of Prisons, is reduced to TIME SERVED. The Defendant's three years of supervised release shall begin upon his release from custody.

As a modified condition of supervised release, the Defendant shall satisfy nine (9) months of the term of supervised release in the Location Monitoring Program on Home Detention to commence within ten (10) days of release.  The type of monitoring equipment and technology to be used shall be determined by the probation office, pursuant to Monograph 113 (Part F. Location Monitoring). The Defendant shall abide by all technology requirements and program restrictions and pay all or part of the costs for participation in the program not to exceed

---

[2] The Government argues that a defendant's request for compassionate release must comply with U.S.S.G. § 1B1.13. In relevant part, this policy statement provides that a request for compassionate release can only be granted if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. However, the plain language of this policy statement only applies to requests for compassionate release that are brought by the Director of the Bureau of Prisons. *Id.* ("Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ."); *see United States v. Kirschner*, _ F. Supp. 3d _, 1:10-cr-00203, 2020 WL 4004059, at *4 (S.D. Ind. July 15, 2020) ("Section 1B1.13 refers to a reduction 'upon the motion of the Bureau of Prisons' and has not been updated since the First Step Act amended Section 3582(c)(1)(A) to permit a defendant to file a motion for compassionate release; the policy statement set forth in Section 1B1.13 is not directly applicable to a defendant's motion for compassionate release."); *United States v. Collins*, No. 10-cr-00963-1, 2020 WL 3892985, at *3 (N.D. Ill. July 10, 2020) ("USSG § 1B1.13 expressly applies only to a motion made by the BOP."); *United States v. Scott*, _ F. Supp. 3d _, No. 17-CR-156, 2020 WL 2508894, at *8 (E.D. Wis. May 15, 2020) ("§ 3582(c)(1) refers to 'applicable' policy statements issued by the Commission. By its terms, the current policy statement applies to motions filed by the BOP director, not by a defendant."); *United States v. Brooks*, No. 07-cr-20047, 2020 WL 2509107, at *4 (C.D. Ill. May 15, 2020) ("The only possibly applicable policy statement with respect to such a reduction is U.S.S.G. § 1B1.13 (2018), which by its terms applies only to motions for compassionate release filed by the BOP Director, not motions filed by defendants."). Thus, the Court rejects the Government's interpretation of U.S.S.G. § 1B1.13.

the sliding scale as established by the Department of Health and Human Services and adopted by this court. Failure to make such payment will not be grounds for revocation unless such failure is willful. All other aspects of the Defendant's sentence shall remain the same.

The United States Probation Office is DIRECTED to begin the process of facilitating the Defendant's home confinement. The Government is DIRECTED to give notice of the Defendant's release to the identifiable victims in this case.

SO ORDERED.

ENTERED: September 4, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court